IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT A. SMITH EL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV180 |
| | ) | |
| BILL FLINT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff Robert A. Smith-El Bey's motions entitled "Plaintiff's 1st Motion for an Preliminary Injunctive Relief Order" and "Motion for Judgment by Default." (*See* Docket Entries 6, 15.) For the following reasons, the undersigned recommends that the request for injunctive relief be denied and orders that an entry of default be entered against Defendants Flint and Garner. Further, the undersigned recommends that the claims against Defendants Sheffield, Fields, Workman, and Danley be dismissed.

BACKGROUND

Plaintiff, a *pro se* prisoner, filed a Complaint on February 21, 2023, against six defendants: Bill Flint, Ms. M. Sheffield, Ronnie Fields, Ms. S. Garner, Ms. Workman and Mr. Danley. (*See* Compl, Docket Entries 2, 2-4.) On March 30, 2023, Plaintiff filed an Amended Complaint against four defendants, two of which were named Defendants in his original Complaint (Defendants Flint and Garner) and two newly added individuals (Defendants

Michele Williams and Ms. Bonnie). (*See* Compl., Docket Entry 2 at 2-3;[1] *see also* Am. Compl., Docket Entry 7.) In his Amended Complaint, Plaintiff alleges numerous constitutional violations stemming from his pretrial detention at Moore County Detention Center in Carthage, NC. (*See generally* Am. Compl.) Plaintiff asserts he (1) has been denied the ability to practice his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); (2) has been discriminated against based on his race, religion, and nationality; (3) has received inadequate medical care in violation of the United States Constitution; and (4) has been denied necessities, namely food, in violation of the Eighth and Fourteenth Amendments. (*See id.* at 14.) The majority of his Amended Complaint concerns the food that he receives at the detention center that he alleges violates his religious beliefs and aggravates underlying medical conditions. (*See id.* at 17-27.) He also claims that prison officials are depriving him of his mattress as a punishment, which exacerbates underlying issues with his back. (*See generally id.* at 15-16.) Lastly, he notes several instances where he did not receive proper medical care. (*See id.* at 15-18.) He seeks relief in the form of punitive, compensatory, and nominal damages, and injunctive relief against each defendant for "causing irreparable harm." (*See id.* at 29.) Additionally, he seeks class action status. (*See id.*)

## DISCUSSION

A. Default Judgment

Plaintiff moves for a default judgment against Defendants. (*See* Docket Entry 15.) Neither the Clerk nor the undersigned has entered a default in this case. Consequently,

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

Plaintiff's motion will be treated as a motion for entry of default. Here, Plaintiff's motion (*see* Docket Entry 15) specifically mentions individuals named as Defendants in the original Complaint. (*See id.* at 1 (naming Bill Flint, Ms. M. Sheffield, Ronnie Fields, Ms. S. Garner, Ms. Workman, and Mr. Danley).) Plaintiff presumably names such individuals in his motion since summonses were issued for all named Defendants in the original Complaint (Docket Entry 9) and returned executed for all those individuals, except Defendant Workman. (*See* Docket Entries 12, 12-1, 12-2, 12-3, 12-4.) As previously noted, Plaintiff's Amended Complaint added two new defendants, Ms. Bonnie and Ms. Michele Wiliams, and omitted Defendants Sheffield, Fields, Workman, and Danley. It is a "general rule [that] an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Fordham v. Keller*, No. 1:13CV617, 2017 WL 1091876, at *4 (M.D.N.C. Mar. 22, 2017) (internal quotation omitted). Accordingly, "an amended pleading which no longer names a defendant as a party in the suit tacitly dismisses that individual from the suit." *Id.* (internal citations and quotation omitted.)

Consequently, the four Defendants from the original Complaint that are *not* listed in the Amended Complaint—namely Defendants Sheffield, Fields, Workman, and Danley— should be dismissed from this action. *See id.* Regarding Defendants Flint and Garner, who were listed as Defendants in the original Complaint *and* Amended Complaint, it appears that the U.S. Marshal's service has effectuated service and that neither Defendant has filed a response or answer. (*See* Docket Entries 12, 12-3.) Thus, Defendants Flint and Garner are subject to an entry of default as provided by Rule 55 of the Federal Rules of Civil Procedure.

The remaining Defendants in the Amended Complaint are Ms. Bonnie and Michele Williams. (*See* Am. Compl. at 2-3.) It does not appear that Plaintiff has submitted a summons

3

to the Court for service upon either Defendant. To effectuate service on Defendants Ms. Bonnie and Michele Willaims, Plaintiff must fill out a summons, include an address suitable for service, and then return the summonses to the Clerk. Failure to provide an address wherein service may be made will result in the dismissal of the action as to all unserved defendants after 21 days from the filing of this order. *See* Fed. R. Civ. P. 4(m).

B. Injunctive Relief

Plaintiff also moves for a preliminary injunction against all Defendants. (*See generally* Docket Entry 6.) Plaintiff seeks the following relief:

> (1) "that the defendant's follow Plaintiffs medical restrictions for his pancreatitis, and, immediately place Smith on his proper diet (a)MNT-4/with a nightly snack bag, diet (3600) calories, (b)Kosher, non soy diet with a nightly snack bag.
> (2) That the Defendant's allow Plaintiff to see a doctor to have his back (assessed) by a specialist. (surgery if needed).
> (3) That the Defendant's recognize and respect Plaintiff's religion and nationality as a (Moorish American) and stop denying his religious (beliefs) freedom-practices by forcing him to eat unclean, and unholy, and unhealthy foods (soy meats/processed meats).
> (4) And for Defendant's to stop taking Plaintiff's bedding (mattress). All together Defendant shall put a (restriction notice memo to block any Moore County Detention Officer from taking away Plaintiff's mattress again).
> (5) Defendants shall also provide Plaintiff with his necessary medications for his (pancreas/ulcers) and his (back pain) (pancrea) and (Tecretol), and (Elavil pills, and, Tums) and, his laxatives (Malox/Milk-O-Magnesia).
> (6) Defendant's will also provide all inmates access to a certified (dietician) for all the inmates. (William M. Flint) will let medical staff handle all medical issues. (According to their inmates handbook) page (22) "no inmate shall be denied medical care." And page (24) "clean and safe dietician approved foods."
> (7) Defendant will also provide to the Court the following documents and (to Plaintiff):
>     a. A digital copy, printout of (every diets menu) they provide at the Moore County jail for all available diets (MNT, kosher, vegan, vegetarian, non-soy, low sodium, regular diet) (nutri-loaf). From (2020/February) till (March 2023) or (April 2023).

b. A copy of their (food inventory) all of the foods delivered and storage, at the Moore County Detention Center. Even the foods just for the (officers) and the (inmates).
c. A copy of all the complete (nutritional facts) of each food item served for all diets/meals to the inmates. Like (calories per serving, weight/ounces per serving) ingredients like (beef, pork, chicken, turkey, soy) showing what the chili, meat loaf, sloppy joe, turkey ham, hot dogs, salisbury patty, soy chicken patty, all meals served, and, items served for each (main course) and (sides); *(pictures of each tray/meal*
d. A complete copy of plaintiffs medical records;
e. A complete copy of everyone of plaintiff writeups/infractions; with the punishments privileges like loss of (bedding/mattress) hes endured since (02/08/2022);
f. A complete copy of every kiosk request plaintiff has made (appeals, grievances, sick calls).

(Docket Entry 6 at 4-5.)

For a preliminary injunction to be granted, the requesting party must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities is in his favor; and (4) an injunction serves the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The elements are considered in order; only after clear showings that he is both likely to succeed and suffer irreparably harm if no injunction is entered does the court consider whether the balance of equities tip in the favor the requesting party. *See id.* at 20-22; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 1977). Lastly, the Court should carefully consider the interests of the public served by issuance of the injunction. *Id.* at 347.

Preliminary injunctive relief is an extraordinary remedy that is only granted upon a clear showing that Plaintiff is entitled to such relief. *See McNeill v. Poole*, No. 1:17CV924, 2018 WL 6305784, at *3 (M.D.N.C. Dec. 3, 2018), *report and recommendation adopted*, No. 1:17CV924, 2019

WL 13333952 (M.D.N.C. Apr. 3, 2019). As such, it should be granted "only sparingly and in limited circumstances." *See id.* (quoting *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)).

Additionally, "while imprisonment does not automatically deprive a prisoner of constitutional protections, the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere." *Beard v. Banks*, 548 U.S. 521, 521 (2006) (internal citations omitted). Courts must show "substantial deference to the professional judgment of prison administrators." *Id.* at 522 (internal quotations and citations omitted). Therefore, "preliminary injunctive relief involving the management of correctional facilities [is] only [granted] under exceptional and compelling circumstances." *Pendleton v. Jividen*, No. 2:22-CV-00178, 2023 WL 2591474, at *4 (S.D.W. Va. Mar. 21, 2023) (citing *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994)).

Specific to Plaintiff's claims, a RLUIPA claim requires a showing that a "substantial burden" has been placed on Plaintiff's religious exercise. *See Ramirez v. Collier,* 595 U.S. 411 (2022); *see also Krieger v. Brown,* 496 F. App'x 322, 326 (4th Cir. 2012). To satisfy this showing, a plaintiff must show that a government institution "substantially pressured him to modify his behavior and to violate his religious beliefs." *Tyler v. Lassiter*, No. 5:13-CT-3139-FL, 2016 WL 866325, at *7 (E.D.N.C. Mar. 3, 2016). "RLUIPA does not give prisoners an unfettered right to religious accommodation. Rather, the statute mandates due deference to the experience and expertise of prison and jail administrators." *Pendleton*, No. 2:22-CV-00178, 2023 WL 2591474, at *5 (internal quotation omitted).

To satisfy an Eighth Amendment claim for cruel and unusual punishment,[2] a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Tyler*, No. 5:13-CT-3139-FL, 2016 WL 866325, at *5; *see also Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). More specifically, when an inmate brings a claim concerning the food he is served in prison, the first element is satisfied if, "there [is objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." *Tyler*, No. 5:13-CT-3139-FL, 2016 WL 866325, at *5 (citation omitted). To satisfy the deliberate indifference requirement, the offered diet must "present an immediate danger to the health and well being of the inmates who consume it." *See id.* ("The United States Constitution does not guarantee food that is prepared and served in a culinarily pleasing manner.")

In relation to insufficient medical care under the Eighth Amendment "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation omitted). Deliberate difference is an extremely high bar to meet, the medical treatment or lack thereof "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jamison v. Clarke,* No. 7:18-CV-00504, 2021 WL 969201, at *7 (W.D. Va. Mar. 15, 2021) (internal citation and quotation omitted).

---

[2] "While a pre-trial detainee's rights with respect to claims of deliberate indifference [fall under] the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment, with respect to such claims, a pretrial detainee's due process rights are co-extensive with a convicted prisoner's Eighth Amendment rights." *Turner v. Kight*, 121 F. App'x 9, 13 (4th Cir. 2005).

Here, at the outset, Plaintiff's request for injunctive relief appears moot as he is no longer housed in the Moore County Detention Center. (*See* Docket Entry 17 (Plaintiff is now housed at Scotland Correctional Institution).) Indeed, it is well settled that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *see also Branham v. Trent*, No. 7:19CV00520, 2020 WL 6779058, at *1 (W.D. Va. Nov. 18, 2020) ("Once an inmate has been transferred from an institution, he no longer has a cognizable legal interest in that institution's policies. And a grant of injunctive relief would not redress the inmate's injury or vindicate his rights.").

Beyond his transfer to another prison, Plaintiff has failed to make the requisite showing for injunctive relief. At this stage of the proceedings, Plaintiff's claims in the Amended Complaint are theoretically plausible. However, in his motion, he does not attempt to adequately address any aspect of the four-part test governing motions seeking preliminary injunctive relief. (*See* Docket Entry 6.) First, Plaintiff has not made a "clear showing" that he is likely to succeed on the merits under RLUIPA or the Eighth Amendment. *Winter,* 444 U.S. at 22. Plaintiff requests some type of special diet because of his religion, but it is unclear what his specific religious beliefs are or how his religion regulates his diet.[3] He does not demonstrate

---

[3] Plaintiff claims, "They (admitted they don't recognize) my (nationality) or, my (religious beliefs) of (Rastafar-ism) or (Kosher) and (vegan/vegetarian) diet requests or my (Jewish) practices here at this facility (Islam-ism)." (Am. Compl. at 18.) Despite mentioning vegetarianism and kosher meals, Plaintiff complains about the lack of meat that is served, specifically mentioning pork. (*See id.* at 19.) He also states that his nationality is Moorish American. (*Id.* at 18.) Based on these descriptions,

8

how any substantial burden has been placed on his specific religious beliefs, nor does he demonstrate that the detention center staff substantially pressured him to modify his behavior. *See Firewalker-Fields v. Lee*, 58 F.4th 104, 114 (4th Cir. 2023) ("A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit."). Given Plaintiff's lack of specificity combined with the due deference afforded to prison officials in making decisions regarding religious accommodations, Plaintiff has not shown a likelihood of success on the merits for his RLUIPA claim.

Nor has he shown how prison officials are seriously depriving him of a basic need and thus offending the "standards of decency" in violation of the Eighth Amendment. *Estelle*, 429 U.S. at 106.[4] He has not presented any evidence that the prison food or lack of medical care rises to the level of unconstitutional punishment by "present[ing] an immediate danger to Plaintiff's health and well being." *Id.* The Court, without more, is unable to make a finding that Plaintiff is likely to succeed on the merits on his Eighth Amendment claim.

Additionally, Plaintiff has failed to show that he will suffer irreparable harm if an injunction is not issued, especially since he is no longer housed at the Moore County Detention Center. Finally, Plaintiff has not shown that an injunction is in the public interest. For example, this Court cannot conclude that the public interest would be served by court involvement in medical care provided to inmates. *See e.g., Wyer v. Conmed Healthcare Management, Inc.,* Civil Action No. GLR12–3362, 2013 WL 105341, at *3 (D.Md. Jan. 8, 2013) (where

---

the undersigned is unsure as to what religious beliefs Plaintiff holds or what dietary restrictions his religion places upon him.

prisoner alleged deliberate indifference to medical needs, court finds "disagreement over medical care does not implicate a claim of constitutional magnitude" and that "the public interest would not be served by ordering injunctive relief").

Given that courts only grant preliminary injunctions sparingly, require extraordinary circumstances, and afford great deference to prison administrators, Plaintiff has not met his burden here. Moreover, even had the burden been satisfied, Plaintiff is no longer housed in the Moore County Detention Center, so any court ordered changes to the detention center would not even apply to Plaintiff. (*See* Docket Entries 16-17.)[5] Thus, the undersigned recommends that Plaintiff's motion for a preliminary injunction be denied.

CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Judgement by Default" (Docket Entry 15), construed as a Motion for Entry of Default, be **GRANTED IN PART** to the extent default is hereby entered against Defendants Captain Bill Flint and Lieutenant Shannon D. Garner, but otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until November 13, 2023, to submit to the Court summonses for Defendants "Ms. Bonnie" and "Michele Williams," as named in the Amended Complaint. Plaintiff must fill out a summons for both individuals, include an address suitable for service, and then return the summonses to the Clerk. Failure

---

[5] Plaintiff filed a change of address on August 7, 2023 that listed his new address as the Granville Correctional Institute in Butner, NC. (*See* Docket Entry 16.) On September 12, 2023, Plaintiff filed another change of address that listed Scotland Correctional Institution in Laurinburg, NC as his new address. (*See* Docket Entry 17.)

to provide an address wherein service may be made will result in the dismissal of the action as to all unserved defendants after 21 days from the filing of this Order. *See* Fed. R. Civ. P. 4(m).[6]

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion entitled "Plaintiff's 1st Motion for an Preliminary Injunctive Relief Order" (Docket Entry 6) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendants Sheffield, Fields, Workman, and Danley be dismissed as Defendants.

A copy of this Order shall be mailed to all parties.

/s/  Joe L. Webster
United States Magistrate Judge

October 26, 2023
Durham, North Carolina

---

[6] Upon return of the summonses, the United States Marshal shall serve the Amended Complaint on said defendants.